WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary John Emerson,<br><br>           Plaintiff,<br><br>v.<br><br>Corizon Health Services, et al.,<br><br>           Defendants. | No. CV-15-00093-PHX-ROS (ESW)<br><br>**ORDER** |

Pending before the Court is Plaintiff's "Motion for Address Correction and Notice of Eratum [sic]" (Doc. 16) filed on March 2, 2016. Plaintiff is a pro se prisoner housed at the Arizona State Prison Complex-Florence. He has filed a civil rights Complaint (Doc. 1) pursuant to 42 USC § 1983. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. By Order of the Court filed on March 25, 2015, Defendant Townsend was ordered to answer Plaintiff's claim for constitutionally deficient medical care. (Doc. 8 at 10). All other Defendants were dismissed without prejudice. (*Id*.). The Clerk of Court sent a service packet to the Plaintiff on March 25, 2015 to assist in the effectuation of service of process upon Defendant Townsend. (*Id*. at 11).

By Order of the Court filed on June 2, 2015, the Court ordered the Attorney General's Office to file under seal the last known address of Defendant Townsend who is alleged to have worked as a Nurse Supervisor at the Arizona Department of Corrections-East Unit in Florence, Arizona, through her employment with Corizon Health Services. (Doc. 11 at 3). Subsequent to an Order to Show Cause being issued (Doc. 12 at 1), the

Attorney General's Office filed Defendant Townsend's last known address under seal. (Doc. 14).

On January 29, 2016, the Clerk of Court forwarded to the United States Marshals Service ("USMS") the last known address of Defendant Townsend for purposes of service of process. On February 19, 2016, the USMS filed a Process Receipt and Return indicating that service was returned unexecuted for "insufficient address-unable to forward." (Doc. 15 at 1). The Court is unable to determine whether the address used by USMS was complete as provided under seal. (Doc. 15 at 2). In addition, the demarcation "insufficient address" of the United States Postal Service ("USPS") suggests incomplete information was used or provided at the time of attempted service.

## CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Attorney General's Office confirm by Notice to the Court filed within ten (10) days of the filing of this Order that the address provided under seal (Doc. 14) is complete as known to the Attorney General's Office through confirmation with the Arizona Department of Corrections. If additional address information becomes known, counsel shall file same under seal in conjunction with the filing of the Notice to the Court.

**IT IS FURTHER ORDERED** that the Clerk of Court prepare and send to USMS another service packet for service of the Summons and Complaint upon Defendant Townsend upon receipt of the Attorney General's filing of the Notice to the Court, utilizing the additional address information which may be filed under seal, if any. In addition:

1. The United States Marshal shall retain the Summons, a copy of the Complaint (Doc. 1), and a copy of this Order for future use.

2. The United States Marshal shall notify Defendant Townsend of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant Townsend

shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is returned as undeliverable or is not returned by Defendant Townsend within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall: (a) Personally serve copies of the Summons, Complaint, and this Order upon Defendant Townsend pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and (b) Within ten days after personal service is effected, file the return of service for Defendant Townsend, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant Townsend. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant Townsend pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

3. If Defendant Townsend agrees to waive service of the Summons and Complaint (Doc. 1), she shall return the signed waiver forms to the United States Marshal, not the Plaintiff.

4. Defendant Townsend shall answer the Complaint (Doc. 1) or otherwise respond by appropriate motion within the time provided by applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the time for completing service is extended sixty days from the date this Order is filed. If Plaintiff does not obtain either a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Townsend, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

**IT IS FURTHER ORDERED** granting the "Motion for Address Correction and

Notice of Eratum [sic]" (Doc. 16) to the extent set forth above.  The Court notes that it is not the responsibility of USMS to perform a search for Defendant Townsend.  USMS is tasked with serving Defendant Townsend at the address provided to them.  The Court is unable to determine from the documentation filed under seal as compared to the Process Receipt and Return whether USMS has done so.  However, if the Defendant is no longer located at the address provided under seal, Plaintiff must request of the Court subpoenas duces tecum to conduct reasonable discovery limited to ascertaining the requisite service information for purposes of serving Defendant Townsend, specifically her current address.

Dated this 20th day of May, 2016.

_____
Honorable Eileen S. Willett
United States Magistrate Judge