WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary John Emerson, | No. CV-15-00093-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

By separate Order, the Court granted Plaintiff's Motion (Doc. 42) requesting leave to file a Second Amended Complaint (Doc. 47). In accordance with the Court's continuing obligation to screen prisoners' complaints, 28 U.S.C. § 1915A(a), the Court screens the Second Amended Complaint (Doc. 48) as follows.

## I. DISCUSSION

The Court has a continuing obligation to screen complaints brought by prisoners seeking relief against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof that is legally frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(A)(b)(1), (2).

"Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, in reviewing Plaintiff's Second Amended Complaint, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296-98 (9th Cir. 1998). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, the Court must liberally construe the Second Amended Complaint. *See Wilhelm*, 680 F.3d at 1121 ("We construe pro se complaints liberally and may only dismiss a pro se complaint for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks and citation omitted).

Plaintiff's First Amended Complaint raises an Eighth Amendment medical care claim against a number of Defendants. In its January 11, 2018 Order, the Court found that Plaintiff adequately stated a claim against only Defendant Corizon. (Doc. 36 at 9-11). The Court dismissed Defendants Lavoy, Horwitz, Lasac, Peretra, Ryan, Robertson, Shuman, Fizer, Smith-Whitson, Grafton, and Johnson from the First Amended Complaint without prejudice.[1] (*Id.* at 12). The proposed Second Amended Complaint contains additional factual allegations against Defendants Lavoy, Horwitz, Lasac, Grafton, Johnson, Ryan, Robertson, Shuman, Fizer, and Smith-Whitson. As discussed below, the Court finds that Plaintiff has corrected the deficiencies identified in the Court's January 11, 2018 Order with respect to the claim against these Defendants.[2] Because the Second

---

[1] The names of the Defendants referenced in this Order are in accordance with how the names are spelled in the Second Amended Complaint. Defendants Horwitz and Peretra's names have also been spelled "Horowitz" and "Pereira" in prior Court filings.

[2] The Court dismissed Defendant Peretra from the First Amended Complaint for

Amended Complaint does not amend the allegations against Defendant Corizon, the Court will order Defendant Corizon to answer the Second Amended Complaint for the reasons explained in the Court's prior Order (Doc. 36 at 9-11).

### A. Defendants Lavoy, Horwitz, and Lasac

In dismissing Defendants Lavoy, Horwitz, and Lasac from the First Amended Complaint, the Court explained that Plaintiff did not allege facts suggesting that Defendants Lavoy, Horwitz, and Lasac knew Plaintiff was continuing to experience pain or that they deliberately delayed Plaintiff's treatment. (Doc. 36 at 6). In his Second Amended Complaint, Plaintiff asserts that Defendants Lavoy, Horwitz, and Lasac "failed to prescribe medications that Corizon would authorize as a direct consequence of their actions I did not have medication to relieve the pains of my medical conditions." (Doc. 48 at 22). The Court finds that for screening purposes, the Second Amended Complaint adequately states an Eighth Amendment medical care claim against Defendants Lavoy, Horwitz, and Lasac. The Court will require Defendants Lavoy, Horwitz, and Lasac to answer the Second Amended Complaint.

### B. Defendant Ryan

The Court found that the First Amended Complaint failed to state an Eighth Amendment medical care claim against Defendant Ryan because it does not allege facts suggesting that Defendant Ryan knew of a significant risk to Plaintiff's health and acted with deliberate indifference to that risk. (Doc. 36 at 7). The Second Amended Complaint contains the additional allegation against Defendant Ryan, which asserts that Defendant Ryan

    is aware that Corizon is not providing inmates with

---

failure to state a claim. (Doc. 36 at 6). Although the Second Amended Complaint lists Defendant Peretra as a Defendant, no new allegations against Defendant Peretra have been added. In a separately issued Report and Recommendation, the undersigned will recommend that the Court dismiss Defendant Peretra from the Second Amended Complaint. The Second Amended Complaint also names Defendant Townsend, who has been dismissed from this action for failure to timely serve. The undersigned will also recommend that the Court dismiss Defendant Townsend from the Second Amended Complaint.

> medication that is helping out our conditions. Ryan
> nevertheless refuses to acting with deliberate indifference
> direct Corizon to provide us these meds that help. In fact
> Corizon staff in East Unit advised me that he has directed not
> to give us medications that are effective for our pain.

(Doc. 48 at 22). Liberally construed, the Court finds that the Second Amended Complaint adequately states a claim against Defendant Ryan. Defendant Ryan will be required to answer the Second Amended Complaint.

### C. Defendants Grafton and Johnson

The Court dismissed Defendants Grafton and Johnson from the First Amended Complaint because Plaintiff did not allege that they were aware of Plaintiff's medical need. (Doc. 36 at 8). The Second Amended Complaint corrects this deficiency by alleging that Defendants Grafton and Johnson "[b]y my visits and communications to them and through HNRs were aware the pain meds were not helping. [T]hey nevertheless refused to give me meds that helped." (Doc. 48 at 23). The Court will require Defendants Grafton and Johnson to answer the Second Amended Complaint.

### D. Defendants Robertson, Shuman, Fizer, and Smith-Whitson

Similar to the reasons for dismissing the above Defendants, the Court dismissed Robertson, Shuman, Fizer, and Smith-Whitson from the First Amended Complaint because Plaintiff did not allege any facts suggesting that those Defendants were aware of a significant risk to Plaintiff's health or acted with deliberate indifference to that risk. (Doc. 36 at 7). The Second Amended Complaint includes the additional allegation that

> through inmate complaints and [Plaintiff's] complaints,
> Robertson, Shuman, Fizer, Smith-Whitson though they have
> delegated duty to ensure we inmates get effective care from
> Corizon have refused to ensure this is done.
>   Robertson as the Cheif [sic] Medical Officer to ASPC has
> taken affirmative actions to ensure that the treatment we
> recieve [sic] is ineffective.

(Doc. 48 at 23). Liberally construed, the Court finds that the Second Amended Complaint corrects the deficiencies in the Eighth Amendment claim against Defendants Robertson, Shuman, Fizer, and Smith-Whitson. As such, Robertson, Shuman, Fizer, and

Smith-Whitson will be required to answer the Second Amended Complaint.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendants Corizon, Lavoy, Horwitz, Lasac, Ryan, Grafton, Johnson, Robertson, Shuman, Fizer, and Smith-Whitson must answer the Second Amended Complaint.

**IT IS FURTHER ORDERED** that:

1. The Clerk of Court shall send Plaintiff a service packet including the Second Amended Complaint, this Order and the Court's January 11, 2018 Order (Doc. 36), and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Lavoy, Horwitz, Lasac, Ryan, Grafton, Johnson, Robertson, Shuman, Fizer, and Smith-Whitson.

2. Plaintiff shall complete[3] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

3. If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 90 days of the filing of the Second Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

4. The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order and the Court's January 11, 2018 Order

---

[3] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff shall list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

(Doc. 36) for future use.

5. The United States Marshal must notify unserved Defendants of the commencement of this action and request waiver of service of the summons pursuant to Fed. R. Civ. P. 4(d). The notice to Defendants must include a copy of this Order and the Court's January 11, 2018 Order (Doc. 36). The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Second Amended Complaint, this Order, and the Court's January 11, 2018 Order (Doc. 36), upon Defendants pursuant to Fed. R. Civ. P. 4(e)(2); and

(b) Within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, this Order, and the Court's January 11, 2018 Order (Doc. 36) and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Fed. R. Civ. P. 4(d)(2), unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

8. Any answer or response must state the specific Defendant by name on whose

(Doc. 36) for future use.

5. The United States Marshal must notify unserved Defendants of the commencement of this action and request waiver of service of the summons pursuant to Fed. R. Civ. P. 4(d). The notice to Defendants must include a copy of this Order and the Court's January 11, 2018 Order (Doc. 36). The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) Personally serve copies of the Summons, Second Amended Complaint, this Order, and the Court's January 11, 2018 Order (Doc. 36), upon Defendants pursuant to Fed. R. Civ. P. 4(e)(2); and

(b) Within 10 days after personal service is effected, file the return of service for Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, this Order, and the Court's January 11, 2018 Order (Doc. 36) and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendants pursuant to Fed. R. Civ. P. 4(d)(2), unless otherwise ordered by the Court.

6. **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

7. Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

8. Any answer or response must state the specific Defendant by name on whose

behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

Dated this 7th day of May, 2018.

_____
Eileen S. Willett
United States Magistrate Judge