**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary John Emerson,<br><br>    Plaintiff,<br><br>v.<br><br>Corizon Health Services, et al.,<br><br>    Defendants. | No. CV-15-00093-PHX-ROS (ESW)<br><br>**ORDER** |

       Pending before the Court is Plaintiff's "Motion to Take Written Dispositions Plaintiff Moves the Court for an Order Taking Written Dispositions of the Cuslodian [sic] Of Records" (Doc. 56). In his Motion, Plaintiff notices a deposition of the custodian of records for Corizon Health Services, listing the questions Plaintiff asks of the custodian of records as well as the records Plaintiff seeks. In its Order of May 8, 2018, the Court ordered Defendant Corizon to answer Plaintiff's Second Amended Complaint (Doc. 50 at 5). Defendant Corizon Health, Inc. answered the Second Amended Complaint on June 4, 2018 (Doc. 59). All issues as to Defendant Corizon Health, Inc. are now joined. No response has been filed.

**I. DISCUSSION**

       Federal Rule of Civil Procedure 5(d) states that "the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission." LRCiv 5.2 provides that "[a] 'Notice of

Service' of the disclosures and discovery requests and responses listed in Rule 5(d) of the Federal Rules of Civil Procedure must be filed within a reasonable time after service of such papers."

Plaintiff's Motion contains a number of discovery requests (Doc. 56), which the Clerk of Court has docketed as a "Motion to Take Written Depositions." Plaintiff has not "used" these discovery requests in the proceeding (e.g. by relying upon responses in support of a motion, supporting a motion to compel, etc.). Therefore, Plaintiff's filing of the actual discovery requests in the form of a motion instead of a "Notice of Service" is in violation of LRCiv 5.2 and Rule 5(d) of the Federal Rules of Civil Procedure. Accordingly, the Motion docketed as "Motion to Take Written Depositions" (Doc. 56) will be stricken.

The Court deems the May 22, 2018 filing date of Plaintiff's "Notice of Written Dispositions" (Doc. 56 at 2-4) to be the date of service on Defendant of a Notice of Deposition of Custodian of Records. By **June 22, 2018**, Plaintiff shall file a Notice of Service in compliance with LRCiv 5.2 indicating that on May 22, 2018, Plaintiff served a Notice of Deposition of Defendant Corizon Health Inc.'s Custodian of Records.

## II. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** striking Plaintiff's "Motion to Take Written Dispositions Plaintiff Moves the Court for an Order Taking Written Dispositions of the Cuslodian [sic] Of Records" (Doc. 56).

**IT IS FURTHER ORDERED** that by **June 22, 2018**, Plaintiff shall file a Notice of Service in compliance with LRCiv 5.2 indicating that on May 22, 2018, Plaintiff served a Notice of Deposition of Defendant Corizon Health Inc.'s Custodian of Records.

Dated this 11th day of June, 2018.

*/s/ E.S. Willett*
Honorable Eileen S. Willett
United States Magistrate Judge