WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary John Emerson, | No. CV-15-00093-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

This Order sets forth the Court's rulings on a number of pending Motions (Docs. 57, 60, 87, 90, 91, 93, 96, 100).

## I. DISCUSSION

**A. Plaintiff's "Motion to Provide Addresses Under Seal" (Doc. 57) and "Motion to Order" (Doc. 96)**

In July 2018, service was returned unexecuted as to Defendants Dr. Lasac and Dr. Horwitz. (Docs. 78, 79). For good cause shown, the Court will grant Plaintiff's "Motion to Provide Addresses Under Seal" (Doc. 57) and will require counsel for Defendant Corizon Health, Inc. ("Corizon") to file under seal the last known addresses for Defendants Lasac and Horwitz.[1]

In August 2018, service was returned unexecuted as to Defendant Lavoy. (Doc. 92). For good cause shown, the Court will grant Plaintiff's "Motion to Order" (Doc. 96)

---

[1] Plaintiff's Motion (Doc. 57) also seeks Defendant Grafton's last known address, who has now appeared (Doc. 82).

and will require Defendant Corizon to file under seal the last known address for Defendant Lavoy.

### B. Defendant Corizon's "Motion to Strike Plaintiff's Proffer of Cases" (Doc. 60)

In their June 5, 2018 Motion (Doc. 60), Defendant Corizon has moved to strike Plaintiff's May 7, 2018 filing captioned as "Plaintiff's Proffer of Cases Where Defendants and DOC Through Counsel Falsify/Conceal Evidence" (Doc. 51). For good cause shown, the Court will grant Defendant Corizon's Motion (Doc. 60).

### C. Plaintiff's Motions to Compel (Docs. 87, 88, 91)

On April 12, 2018, the Court issued a Scheduling Order setting forth a procedure for resolving discovery disputes. (Doc. 44 at 3). In bold letters, the Court advised the parties that the Court will not consider a motion regarding discovery matters unless (i) the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and (ii) the parties have participated in a discovery conference with the Court. The Scheduling Order set forth the requirements for filing a request for a discovery conference, and informed the parties that a request that does not comply with those requirements may be stricken. (*Id*.). Finally, the Court advised the parties in bold letters that a discovery motion that is filed in noncompliance with the requirements set forth in the Scheduling Order may be stricken. (*Id*.). Plaintiff's Motions to Compel (Docs. 87, 88, 91) do not comply with the requirements set forth in the Court's Scheduling Order. Accordingly, they will be stricken.

### D. Plaintiff's "Motion to Abate Time First Request" (Doc. 90)

Plaintiff requests that the discovery deadline be extended to December 7, 2018. (Doc. 90). No response has been filed and the time to do so has passed. *See* LRCiv 7.2(i). The Court will grant Plaintiff's "Motion to Abate Time First Request" (Doc. 90) in part. The discovery deadline will be extended to November 7, 2018. The dispositive motion deadline will be extended to December 7, 2018.

### E. Plaintiff's "Motion to Disqualify Counsel Due to Conflict" (Doc. 93)

In his August 8, 2018 Motion, Plaintiff alleges that "the lawyers for Corizon have a conflict in representing Ryan" and should be disqualified. (Doc. 93 at 2).

Motions to disqualify counsel are "subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (quotations omitted). Disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Schiessle v. Stephens*, 717 F.2d 417, 420 (7th Cir. 1983). To be justified, a motion to disqualify must be based on present concerns and not concerns which are merely anticipatory and speculative. *In re Coordinated Pretrial Proceedings, etc.*, 658 F.2d 1355, 1361 (9th Cir. 1981).

The Court does not find that Plaintiff's general and conclusory allegations provide good cause to disqualify defense counsel. Plaintiff's "Motion to Disqualify Counsel Due to Conflict" (Doc. 93) therefore will be denied.

### F. Plaintiff's "Motion to Abate Time to Serve Shuman" (Doc. 100)

On August 29, 2018, Plaintiff filed a document titled "Motion to Abate Time to Serve Shuman" (Doc. 100). Attached to the document is a Process Receipt and Return that indicates that service could not be effected as to Defendant Shuman as he is on military leave until October 2018. The Court will grant Plaintiff's "Motion to Abate Time to Serve Shuman" (Doc. 100).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's "Motion to Provide Addresses Under Seal" (Doc. 57).

**IT IS FURTHER ORDERED** that by **September 21, 2018**, counsel for Defendant Corizon shall file with the Court, under seal, the last known home addresses of Defendants Dr. Lasac, Dr. Horwitz, and Dr. Lavoy. Upon the filing of Defendants Dr. Lasac, Dr. Horwitz, and Dr. Lavoy's addresses, the Clerk of Court is directed to

| | |
|---|---|
| 1 | prepare service packets and forward them to the United States Marshals Service for |
| 2 | service of process. |

**IT IS FURTHER ORDERED** extending the service deadline as to Defendants Dr. Lasac, Dr. Horwitz, and Dr. Lavoy to **October 31, 2018**.

**IT IS FURTHER ORDERED** granting Defendant Corizon's "Motion to Strike Plaintiff's Proffer of Cases" (Doc. 60).

**IT IS FURTHER ORDERED** striking "Plaintiff's Proffer of Cases Where Defendants and DOC Through Counsel Falsify/Conceal Evidence" (Doc. 51).

**IT IS FURTHER ORDERED** striking Plaintiff's Motions to Compel (Docs. 87, 88, 91).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Abate Time First Request" (Doc. 90).

**IT IS FURTHER ORDERED** extending the discovery deadline to **November 7, 2018**. The dispositive motion deadline is extended to **December 7, 2018**.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Disqualify Counsel Due to Conflict" (Doc. 93).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Abate Time to Serve Shuman" (Doc. 100).

**IT IS FURTHER ORDERED** extending the service deadline as to Defendant Shuman to **November 30, 2018**.

Dated this 14th day of September, 2018.

_____
Eileen S. Willett
United States Magistrate Judge