**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary John Emerson, | No. CV-15-00093-PHX-ROS (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Services, et al., | |
| Defendants. | |

The Court has reviewed Plaintiff's "Motion to Enlarge Time to Respond Under 56" (Doc. 150). In Motion, Plaintiff requests an extension of the deadline to respond to Defendants' Motion for Summary Judgment (Doc. 146). (Doc. 150 at 1). Referencing Federal Rule of Civil Procedure 56, Plaintiff also requests the production of a number of documents. (*Id.* at 2).

To justify a continuance of a motion for summary judgment pursuant to Fed. R. Civ. P. 56(d), the moving party must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr. Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Denial of a Rule 56(d) motion is proper if the movant fails to comply with the requirements of Rule 56(d) or if the movant has failed to conduct discovery diligently. *See, e.g., United States*

*v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with [the requirements of Rule 56(d)] is a proper ground for denying relief."); *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[d] motion."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment"); *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that district court properly denied the plaintiffs' Rule 56(d) motion because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay").

Plaintiff has had sufficient opportunity to conduct discovery in this case. *See Chance v. Pac-Tel Teletrac Inc.,* 242 F.3d 1151, 1161 n.6 (explaining that a district court may deny relief under Rule 56(d) if the party opposing summary judgment has failed to diligently pursue discovery). Accordingly, Plaintiff's Motion (Doc. 15) will be denied as to his request for the production of the documents listed therein. The Court will grant Plaintiff's request for an extension of the deadline for responding to Defendants' Motion for Summary Judgment (Doc. 146).

On February 11, 2019, Defendants filed "Motion to Strike Plaintiff's Proffer of Cases" (Doc. 151). This Motion duplicates the Motion to Strike (Doc. 60) filed by Defendant Corizon in June 2018, which the Court granted (Doc. 103). Document 51 was stricken. Therefore, Defendants' "Motion to Strike Plaintiff's Proffer of Cases" (Doc. 151) will be denied as moot.

Defendants also have filed a Motion to Strike (Doc. 152) Plaintiff's "Request to Notice" (Doc. 149). Plaintiff's Notice does not contain a request for Court action. In the interest of controlling the Court's docket, the Court will not allow the parties to file notices that are not required to be filed pursuant to the Federal and Local Rules of Civil Procedure (e.g. a "Notice of Service" filed pursuant to LRCiv 5.2 of the disclosures and discovery requests and responses listed in Fed. R. Civ. P. 5(d)). Disputes between the parties that pertain to this action are resolved by the Court only through the filing of a

proper motion in accordance with the Federal and Local Rules of Civil Procedure 7. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.'") (citations omitted). If Plaintiff believes the information in his "Request to Notice" (Doc. 149) is pertinent to the issue of summary judgment, then Plaintiff may include the information in his response to Defendants' Motion for Summary Judgment (Doc. 146). Plaintiff's "Request to Notice" (Doc. 149) will be stricken.

Based on the foregoing,

**IT IS ORDERED** denying in part and granting in part Plaintiff's "Motion to Enlarge Time to Respond Under 56" (Doc. 150) as set forth herein.

**IT IS FURTHER ORDERED** extending the deadline for Plaintiff to respond to Defendants' Motion for Summary Judgment (Doc. 146) to **April 3, 2019**.

**IT IS FURTHER ORDERED** denying as moot Defendants' "Motion to Strike Plaintiff's Proffer of Cases" (Doc. 151).

**IT IS FURTHER ORDERED** granting Defendants' "Motion to Strike Plaintiff's Request to Notice" (Doc. 152).

**IT IS FURTHER ORDERED** striking Plaintiff's Request to Notice (Doc. 149).

Dated this 7th day of March, 2019.

_____
Eileen S. Willett
United States Magistrate Judge